Pedro Román Cintrón, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1062.—*Sometido:* Enero 8, 1940. *Resuelto:* Enero 10, 1940.

*J. Córdova Rivera* y *L. Mercader,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

El dueño de un condominio indiviso de bienes que habían sido vendidos en pago de contribuciones presentó en el Registro de la Propiedad: copia certificada del certificado de venta; una declaración jurada en que hacía constar los esfuerzos hechos para redimir la finca en la forma ordinaria;

y una declaración jurada del editor de un periódico sobre la publicación del edicto requerido por la Ley Núm. 137 de 6 de mayo de 1939 (Leyes de ese año, pág. 675), intitulada "Ley para regular el procedimiento que deba seguirse en el caso de que se ignore el paradero del rematista de finca subastada para pago de contribuciones, o de no encontrársele en el que constare en el certificado de venta, y para otros fines".

El registrador se negó a computar la cantidad legal de dinero necesaria para redimir la finca y a expedir un certificado de redención, tal cual provee el artículo 349 del Código Político, según fué enmendado en 1910. Véase la sección 3015 de los Estatutos Revisados de 1911. Las razones de su negativa fueron substancialmente las siguientes:

El certificado de venta fué expedido el 4 de noviembre de 1938. El recurrente trató de redimir la finca el 12 de abril de 1939, mas no le fué posible hallar al adjudicatario en la subasta, puesto que éste había embarcado para los Estados Unidos, ni averiguar la dirección de dicho adjudicatario. El recurrente entonces publicó el edicto prescrito por la Ley de mayo 6, 1939. Este edicto vió la luz pública los días 2, 9, 16, 22 y 30 de noviembre. El período estatutario de un año no fué interrumpido con la publicación del edicto y el derecho de redención ya había prescrito.

El artículo 348 del Código Político trata de la redención de bienes inmuebles "dentro del término de un año contado desde la fecha del certificado de compra, pagando al comprador, herederos o cesionarios, la cantidad total del valor de la compra, con interés anual a razón del doce por ciento, junto con todas las costas devengadas y contribuciones vencidas". Esto presupone la posibilidad de efectuar el pago. El siguiente artículo especifica los derechos del antiguo dueño y sus herederos al efectuar "el pago de dicho dinero de redención". Guarda silencio respecto a cuál sería el resultado si a la persona que trata de redimir la finca no le es posible hallar al comprador en la "residencia" indicada en el certificado de compra. De ello no se desprende, sin embargo, que

el recurrente careciera de todo remedio aun antes de aprobarse la ley de 1939.

El artículo 7 del Código Civil provee:

"El tribunal que rehuse fallar a pretexto de silencio, obscuridad o insuficiencia de la ley, o por cualquier otro motivo, incurrirá en responsabilidad.

"Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos."

Difícilmente puede concebirse que la Asamblea Legislativa, al otorgar al dueño de bienes inmuebles el derecho a redimirlos dentro del término de un año contado desde la fecha del certificado de compra, tuvo la intención de que el comprador de una finca vendida para el pago de contribuciones pudiera burlar ese derecho, cambiando de residencia dentro del año o ausentándose de la Isla temporalmente, o en alguna otra forma, antes de expirar el año. La intención de la Asamblea Legislativa al aprobar la ley de 1939 fué suplir la laguna que existía en los artículos 348 y 349 del Código Político, no creando un remedio donde antes no existía uno, sino exonerando al dueño que trata de redimir la finca de la necesidad de acudir a las cortes y ofreciéndole una alternativa más simple y más directa. El artículo primero de esa ley dispone:

"Cuando el contribuyente, a quien se hubiere rematado una finca para pago de contribuciones, quisiese redimirla e ignorase el domicilio del que la hubiere subastado, o no lo encontrare en el que constare del certificado de venta, lo anunciará así en un edicto que se publicará en un periódico de circulación general durante treinta (30) días, una vez por semana, y además se fijará durante un mes en la colecturía de rentas internas donde se vendió la finca, haciendo la oferta de la suma satisfecha por el adjudicatario y de sus intereses hasta el día de la consignación, y, vencido el plazo, hará dicha consignación en el correspondiente registro de la propiedad en la forma y a los efectos determinados en el artículo 349 del Código Político."

Según el artículo 348, el dueño o contribuyente tiene derecho a redimir la finca efectuando el pago en cualquier momento dentro del término de un año contado a partir de la fecha del certificado de compra. Puede ejercer este derecho el último día del año así como en cualquier otro momento dentro de dicho período. Si espera hasta el último momento del último día del año y no puede localizar al adjudicatario, entonces se ve precisado a incurrir en la molestia y gastos adicionales de publicar el edicto. Podría admitirse que debe actuar dentro de un término razonable. No se le exige que inicie o termine la publicación del edicto antes de expirar el año contado a partir de la fecha del certificado de compra. No es ésa la letra ni el espíritu de la ley.

Cuando el contribuyente (bastardillas nuestras) "ignorase el domicilio del que la hubiere subastado, o no lo encontrare en el que constare del certificado de venta, lo anunciará así en un edicto que se publicará en un periódico de circulación general *durante treinta (30) días, una vez por semana,* y además se fijará *durante un mes* en la colecturía de rentas internas donde se vendió la finca, haciendo la oferta de la suma satisfecha por el adjudicatario y de sus intereses hasta el día de la consignación y, *vencido el plazo,* hará dicha consignación en el correspondiente registro de la propiedad en la forma y a los efectos determinados en el artículo 349 del Código Político." Cuando el adjudicatario puede ser hallado, debe hacerse la oferta dentro del año, y, al negarse éste a aceptar el dinero, habrá de seguirse el procedimiento prescrito por el artículo 349 del Código Político. A tenor de las disposiciones de ese artículo, "si el mencionado comprador, sus herederos o cesionarios, se negasen a aceptar la oferta de dinero hecha, como queda expresado, para redimir la propiedad, la persona que hubiese ofrecido la misma repetirá la oferta en presencia de dos testigos por lo menos, y si la oferta se rehusase otra vez, la citada persona y testigos jurarán ante el registrador de la propiedad que registró el cer-

tificado de adjudicación, que la debida oferta de la cantidad legal de dinero para redimir la propiedad fué hecha y rehusada.'' Cuando no se puede hallar al adjudicatario, deberá publicarse un edicto una vez por semana por espacio de treinta días y además fijarse el edicto ''durante un mes en la colecturía de rentas internas donde se vendió la finca''. Es al expirar este período de tiempo—no dentro del año prescrito para efectuar el pago en los casos en que se puede hallar al adjudicatario—que el contribuyente ha de hacer la consignación en el registro de la propiedad.

*Debe revocarse la nota recurrida con instrucciones de efectuar la computación y de librar el certificado prescrito por el artículo 349 del Código Político.*